UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE GUY MITCHELL & BETTY J. MITCHELL FAMILY TRUST,<br><br>                              Plaintiff/<br>                Counterclaim Defendant,<br><br>        v.<br><br>ARTISTS RIGHTS ENFORCEMENT CORPORATION, a New York Corporation,<br><br>                              Defendant/<br>                Counterclaim Plaintiff. | NO:  11-CV-0024-TOR<br><br>ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION |

Before the Court is the parties' Stipulated Motion For Protective Order Regarding Confidential Information (ECF No. 48). The motion was heard without oral argument.

The Court has reviewed the motion and the documents contained herein and is fully informed.

ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION ~ 1

Accordingly, **IT IS HEREBY ORDERED**:

1.  The parties' Stipulated Motion For Protective Order Regarding Confidential Information (ECF No. 48) is **GRANTED**.

2.  <u>Confidential Information</u>.  In disclosing materials or information in this action, any Party or non-party ("Designating Party") may designate as "CONFIDENTIAL" the whole or any part of such material or information which the Designating Party reasonably and in good faith believes constitutes or contains "Confidential Information."  "Confidential Information" means commercially sensitive business information or data which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials or devices.  By way of example only, "Confidential Information" may include trade secrets, customer lists, know-how, proprietary data, design and manufacturing information, or employment, marketing, contract, financial, or negotiated information, or other similarly sensitive information which the Designating Party either maintains in confidence or as to which the unprotected disclosure might result in economic or competitive injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices.

3.  <u>Designation of Confidential Information</u>.  If a Designating Party

determines that any of its documents, things, or responses, or any testimony

produced or provided in the course of this action should be designated as provided

in Paragraph 1 as constituting or containing "Confidential Information," the

Designating Party shall label or mark each page of the document, thing, response

or testimony with the legend "CONFIDENTIAL."  The Designating Party shall

designate only that portion of the document, thing, response or testimony that

qualifies for protection under the standards set forth herein.  All written discovery

responses that contain "Confidential Information" shall be individually and

separately identified and designated.

      4.  <u>Use of "Confidential Information"</u>.  All materials designated or marked

"CONFIDENTIAL" and any information contained therein shall be used only for

the purpose of preparing for, prosecuting, defending or settling this action,

including any appeals and retrials.  This Order shall not be construed to apply to

any information that:  (a) the receiving party can show is lawfully and generally

available to the public other than through a breach of this Order or other duty of

confidentiality; (b) a party receiving such information can demonstrate was already

lawfully known to the party at the time of disclosure and was not subject to

conditions of confidentiality; or (c) a party receiving such information can

demonstrate was lawfully developed by that party independently of any disclosure

by the Designating Party.

ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION ~ 3

1          5.  <u>Use of "Confidential Information" in Depositions</u>.  Any Party shall have

2   the right to use "Confidential Information" at or for the purpose of taking

3   depositions as set forth herein.  At any deposition, upon inquiry with regard to the

4   content of a document or thing marked "CONFIDENTIAL," or whenever counsel

5   for a Party deems that a question or the answer to a question may result or has

6   resulted in the disclosure of "Confidential Information," the deposition, or portions

7   thereof, may be designated by the affected Party as containing "Confidential

8   Information" subject to the provisions of this Order.  When such designation has

9   been made, the testimony shall be disclosed only to the Qualified Persons defined

10  below, and the information contained therein shall be used only as specified in this

11  Order.  Further, counsel for the Party whose "Confidential Information" is

12  involved also may request that all persons, other than the reporter, counsel, and

13  those Qualified Persons defined below, leave the deposition room during the

14  confidential portion of the deposition.  Counsel must designate the affected

15  deposition transcript, or portions thereof, "CONFIDENTIAL" no later than thirty

16  (30) days after receiving the transcript.  Those portions of the transcript designated

17  "CONFIDENTIAL" shall be separately bound.  During the thirty (30) day period,

18  the entire transcript shall be treated as "Confidential Information" pursuant to this

19  Order; provided, however, that the deponent shall be allowed access to the

20  transcript during this thirty (30) day period in order to review, correct, if necessary,

ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION ~ 4

and sign the transcript.  After expiration of the thirty (30) day period, if no "CONFIDENTIAL" designations have been made, the entire transcript shall be considered non-confidential.  Any documents used at a deposition that are marked "CONFIDENTIAL" shall continue to be treated as such even if the deposition transcript is not designated "CONFIDENTIAL."

   6. <u>Disclosure of "Confidential Information"</u>.  "Confidential Information" produced pursuant to this Order may be disclosed or made available only to the Court and Court personnel, and to Qualified Persons as defined below:

   a. litigation counsel of record for the Parties and in-house counsel for the Parties, including associate attorneys, paralegal, clerical, secretarial, other staff employed by such counsel, and outside copying and other litigation support services that are working under the direction of such counsel in preparing for, or the prosecution, defense or settlement of this action (including appeals and retrials);

   b. the Parties, including officers, directors, or employees of the Parties deemed necessary by counsel to aid in the preparation, prosecution, defense, or settlement of this action;

   c. experts or consultants, together with their staff, retained by the Parties or their counsel to assist in the preparation, prosecution, defense or settlement of this action, provided that (i) such individuals do not have

ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION ~ 5

any current or former relationship whatsoever to any Party, or to an employee, officer or director of any Party; (ii) the disclosure of "Confidential Information" is preceded by the execution of the undertaking in the form of Exhibit A hereto, which undertaking shall be maintained by counsel for the party engaging said expert or consultant; and (iii) the party disclosing "Confidential Information" to such individuals provides the Designating Party at least seven (7) days written notice of its intention to disclose such information, together with the identity of such expert, and in the event the Designating Party objects to such disclosure said party may move the Court to prevent such disclosure within seven (7) days of the written notification.  Pending determination of this motion, no disclosure shall be made to such expert.

d.  during their depositions, witnesses in this action to whom disclosure is reasonably necessary, provided such witnesses shall be provided with a copy of this Order and shall execute an undertaking in the form of Exhibit A before receiving any "Confidential Information" of a Designating Party for which the witness is not employed, which undertaking shall be attached to the transcript(s) of any such deposition;

e.  jurors;

f.  court reporters and videographers employed in this action;

ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION ~ 6

g.  the author of the document or the original source of the information, any person the document or information on its face indicates had previously received or reviewed it independently of discovery in this action, and any person who is identified in another document or another witness's testimony as having previously received or reviewed the document or information independently of discovery in this action;

h.  any other person as to whom the Parties agree in writing before receiving any "Confidential Information," provided such person shall be provided with a copy of this Order and shall execute an undertaking in the form of Exhibit A, a copy of which shall be provided to counsel for each Party within three (3) court days of its execution.

7.  <u>No Waiver re Confidential Nature of Information</u>.  This Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or a waiver by any Party.

8.  <u>No Waiver of Privilege</u>.  This Order will not prejudice the right of any Party to oppose production of any information on the ground of attorney-client privilege, attorney work product doctrine, or any other objection, privilege,

ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION ~ 7

protection, or ground provided under the law.  Production or disclosure of

documents or information subject to the attorney-client privilege, work product

immunity, or any other applicable privilege shall not constitute a waiver of, nor a

prejudice to, any claim that such or related material is privileged or protected by

the work product immunity or any other applicable privilege. A producing party

may notify the receiving party in writing that produced documents or information

are subject to the attorney-client privilege, work product immunity, or any other

applicable privilege. Within five (5) calendar days of this notice, the receiving

party shall return or destroy all such documents or information and all copies

thereof, including those that have been shared with experts, consultants, and

vendors, and confirm in writing that all such documents or information have been

returned or destroyed. No use shall be made of such documents or information

during depositions, through motion practice, or at trial.

　　　　9.　Challenge to "CONFIDENTIAL" Designation.  A Party who disputes the

propriety of a Designating Party's designation of material as "CONFIDENTIAL"

shall challenge such designation within a reasonable time after receipt of the

materials so designated.  In the event that a Party challenges such designation, the

Parties shall first try to resolve the dispute in good faith.  If the dispute cannot be

resolved, the Party challenging the designation may request appropriate relief from

ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION ~ 8

the Court.  The burden of proving that information has been properly designated

"CONFIDENTIAL" is on the Designating Party.

10.    Filing "Confidential Information" With the Court.  Any Party seeking

to submit "Confidential Information" to the Court shall comply with Fed. R. Civ.

P. 5.2 and other applicable rules governing the filing and consideration of motions.

Any stipulation or motion for a confidentiality agreement or protective order

must be timely filed so as not to delay the discovery process or the Court's

deadlines. If confidential records are attached to court filings, "compelling

reasons" must be shown to seal records attached to a dispositive motion and "good

cause" must be shown to seal records attached to a non-dispositive motion.

*Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir.

2006).

11.    Use of "Confidential Information" in Open Court.  Nothing contained

in this Order shall be construed to prejudice any Party's right to use at trial or in

any open hearing before the Court any "Confidential Information" designated

pursuant to this Order.  However, reasonable notice of intended use of such

"Confidential Information" shall be given to counsel for the Designating Party to

enable that Party to seek relief from the Court or to otherwise arrange for proper

safeguards.

12.    Subsequent Production of "Confidential Information".  Nothing herein

ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION ~ 9

shall prevent any person who has received "Confidential Information" pursuant to this Order from producing such information in cooperation with law enforcement personnel.  Nothing herein shall prevent any person who has received "Confidential Information" pursuant to this Order from producing such information in response to a lawful subpoena or other compulsory process; provided that any person receiving such subpoena or process shall:  (a) as soon as reasonably practical, give notice to the Designating Party by telephone and facsimile and shall furnish the Designating Party with a copy of the subpoena or other compulsory process so as to afford the Designating Party a reasonable opportunity to seek a protective order; and (b) not produce such "Confidential Information" before receiving a court order or the consent of the Designating Party, if application for a protective order is made by the Designating Party before the return date of the subpoena.  In the event that the court denies such an application for a protective order and production of such "Confidential Information" is made, such information shall continue to be treated as "Confidential Information" by all persons subject to this Order unless and until this Court shall otherwise order.  The Designating Party shall bear all the burdens and expenses of seeking such protection of its "Confidential Information."

       13.    <u>Return or Destruction of "Confidential Information"</u>.  Within thirty

ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION ~ 10

(30) days after entry of final judgment, including appeals and retrials, or after

dismissal of this action with prejudice, all materials, including documents and

things and all copies thereof designated "CONFIDENTIAL," shall be returned to

the Designating Party.  In lieu of returning such designated materials, counsel for

the receiving Party may certify in writing to counsel for the Designating Party that

the materials have been destroyed; provided, however, that for each Party, counsel

may retain one complete and unredacted set of pleadings and papers filed with the

Court, including all attachments thereto, or served on the opposing party, and

deposition transcripts (excluding the underlying documents produced in discovery

in this action).

14.    <u>Inadvertent Disclosures of "Confidential Information"</u>.  Any

inadvertent disclosure without appropriate designation shall be remedied as soon as

the disclosing party learns of its error, by information all adverse parties, in

writing, of the error.  Inadvertent disclosure of information which the disclosing

party intended to designate as protected shall not constitute waiver of any right to

claim the information as protected upon discovery of the error.  Upon prompt

notice by the producing party showing that the information was inadvertently

disclosed and designating the information "Confidential Information," the

receiving party shall make every effort to prevent further unauthorized disclosure

of such information, including returning the originals and all copies of the

ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION ~ 11

documents or things containing the "Confidential Information" so that the

producing party may designate them as containing such information.

15.    <u>Order Survives Termination.</u>  This Order shall survive the termination

of this action, and the Court shall retain jurisdiction to resolve any dispute

concerning the use of "Confidential Information" disclosed hereunder.

The District Court Executive is hereby directed to enter this Order and

furnish copies to counsel.

**DATED** this 18th day of May, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION ~ 12